UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bradley Lott,

    Plaintiff,

v.                                                                  Case No. 15-14338

Morgan Stanley Smith Barney, LLC, *et al.*,        Sean F. Cox
                                                                    United States District Court Judge
    Defendants.
_____/

**OPINION & ORDER
DENYING LOTT'S MOTION TO VACATE ARBITRATION AWARD AND
GRANTING MORGAN STANLEY'S MOTION TO CONFIRM AWARD**

Plaintiff is a stock broker who borrowed a large sum of money from Defendants when he went to work for them, and signed a promissory note that required him to pay back the outstanding balance if he left the firm. When Plaintiff failed to do so, Defendants filed a statement of claim in an arbitration proceeding, seeking the balance plus the attorney fees and costs they would incur in the arbitration. Plaintiff filed a separate arbitration proceeding, asserting that he should not be required to pay back the money because Defendants had engaged in misconduct. The two arbitrations were consolidated and the panel ultimately awarded Defendants the outstanding balance they sought, along with interest, and the entire amount of attorney fees and costs that they sought.

Unhappy with the award, Plaintiff filed a motion to vacate the award in state court,

1

that was later removed to this Court. Plaintiff asks the Court to vacate that portion of the award that awarded attorney fees and costs to Defendants. Defendants ask the Court to confirm the award in all respects. The parties concede that the federal standard applies to the pending motions.

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs.

"When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir. 1990)). As explained below, this is not one of those rare instances where it is appropriate for the Court to disturb an arbitration award. The Court shall DENY Lott's Motion for Summary Judgment, wherein he asks the Court to vacate the award, and shall GRANT Morgan Stanley's Cross-Motion for Summary Judgment, wherein it asks the Court to confirm the award.

## BACKGROUND

On or about November 24, 2015, Plaintiff Bradley Lott ("Lott") filed a "Complaint to Vacate, Modify and/or Correct Arbitration Award" in state court, challenging an arbitration award. Defendants Morgan Stanley Smith Barney, LLC and Morgan Stanley Smith Barney FA Notes Holdings, LLC (collectively "Morgan Stanley") removed the

action to this Court. Thereafter, Morgan Stanley filed an Answer, Defenses, and Counterclaim that asks the Court to confirm the arbitration award.

The Court held a Scheduling Conference, after which it issued a Scheduling Order that simply gave the parties a deadline of March 1, 2016 to file their cross-motions.

The parties have now each filed a motion for summary judgment. Plaintiff's motion asks the Court to vacate the arbitration in part, with respect to the attorney fees and costs awarded to Morgan Stanley. Morgan Stanley's motion asks the Court to confirm the arbitration award in all respects.

This Court's practice guidelines, which are expressly included in the Scheduling Order issued in this case, provide, consistent with Fed. R. Civ. P. 56 (c) and (e), that:

> a. The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b. In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts. The counter-statement shall list in separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record. The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
> c. All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(Docket Entry No. 30 at 2-3).

In compliance with this Court's guidelines, in support of Lott's Motion for Summary Judgment, Lott filed a "Statement of Material Facts Not In Dispute" (Docket Entry No. 14) ("Pl.'s Stmt. A"). In response to that submission, Morgan Stanley filed a "Counter-Statement" (Docket Entry No. 17) ("Defs.' Stmt. A"). Likewise, in support of Morgan Stanley's Motion for Summary Judgment, it filed a "Statement of Material Facts Not in Dispute" ("Defs.' Stmt. B"), to which Lott filed a Counter-Statement ("Pl.'s Smt. B").

The following facts, unless noted otherwise, are undisputed.

Morgan Stanley previously employed Lott as a registered representative, or a stockbroker. (Pl. and Defs.'s Stmts. A at ¶ 1). As a securities broker-dealer and an associated person, Morgan Stanley and Lott were required to arbitrate disputes through the auspices of the Financial Industry Regulation Authority ("FINRA"). (Pl. and Defs.' Stmts. A at ¶ 9).

The underlying arbitration claim was brought by Morgan Stanley before FINRA to collect a January 12, 2007 Promissory Note owed to the firm by Lott, which became due and payable when Lott voluntarily resigned on August 18, 2011. (Pl. and Defs.'s Stmts. B at ¶ 1). Paragraph 8 of the Promissory Note states:

> 8. Cost of Collection. The Borrower [Lott] promises to pay [Morgan Stanley] for all expenses it incurs, including attorney's fees, in connection with the collection of any outstanding indebtedness due under this Note or to enforce any provision hereunder.

(Promissory Note at ¶ 8).

In its Statement of Claim, Morgan Stanley indicated that it was seeking to recover the outstanding principal balance of the Promissory Note, plus interest, from Lott. (Ex. D to Pl.'s Br.). Morgan Stanley also indicated that it was seeking an award of all costs and attorney fees incurred in the arbitration, pursuant to the terms of the Promissory Not, that were not yet determined. (*Id*.)

After Morgan Stanley filed its Statement of Claim before FINRA, Lott filed an Answer and Counterclaim asserting that Morgan Stanley engaged in misconduct which both relieved Lott of his obligations under the Promissory Note and justified an award of money damages to Lott. (Pl. and Defs.'s Stmts. B at ¶ 3; *see also* Ex. 3 to Defs.' Stmt. B at 3-4).

Lott also filed a separate Statement of Claim with FINRA advancing those same allegations in an independent arbitration action. (Pl. and Defs.'s Stmts. B at ¶ 4; *see also* Ex. 4 to Defs.' Stmt. B). Morgan Stanley filed a Response and Affirmative Defenses to Lott's Statement of Claim (Ex. 7 to Defs.' Stmt. A) where it asserted that Lott's Statement of Claim "is nothing more than a painfully transparent attempt to avoid paying a debt justly due," and that Lott filed his "Statement of Claim in an effort to avoid repayment." (*Id*. at 1 & 6). Morgan Stanley again indicated that it was seeking an award of costs and attorney fees incurred in the arbitration proceedings. (*Id.* at 15).

Lott and Morgan Stanley each signed FINRA Arbitration Submission Agreements, stating, among other things, that they agreed to be bound by FINRA's procedures and rules. (Ex. 5 to Defs.' Stmt. B).

5

On or about August 1, 2012, Lott requested that the two arbitration matters be consolidated because "[b]oth actions and their claims, counterclaims and affirmative defenses revolve around Bradley Lott's affiliation with, and departure from, Morgan Stanley. As all of these claims are related, Bradley Lott requests that they be combined pursuant to FINRA Rule 13314." (Ex. 6 to Defs.' Stmt. B). Morgan Stanley did not oppose the consolidation efforts and the two FINRA matters were joined as a single arbitration proceeding at Lott's request. (Pl. and Defs.'s Stmts. B at ¶ 7).

In Morgan Stanley's FINRA 13514 Disclosures, it indicated that it had provided Lott with all documents it intended to introduce at the hearing, with the exception of documents supporting its "request for costs and fees which cannot be finalized" until the hearings had been held. (Ex. 8 to Defs.' Resp. Br.).

The arbitration hearing took place over the course of ten days in May 2014, May 2015, and October 2015 (18 months) before a panel of three duly appointed FINRA arbitrators. (Pl. and Defs.'s Stmts. B at ¶ 8).

From the outset of the arbitration hearing, all involved understood that, under the terms of the Promissory Note, Morgan Stanley was seeking its costs and attorney fees in the combined arbitration proceeding. For example, Morgan Stanley's opening statement discussed that issue. (*See* Morgan Stanley's opening statement, Ex. 9 to Defs.' Resp. Br. at 18). During the hearings in May 2014, Morgan Stanley examined Lott regarding the attorney fee provision in the Promissory Note:

Michaels: I'll refer you to ex, to paragraph 4. Would you agree with me

6

> that that paragraph indicates that if your employment terminates, that the outstanding balance due on the Note will become immediately due and payable?

Lott: Yes.

Michaels: Along with interest accruing from the date of termination at a rate of prime plus 6%. Do you agree with me that that's what it provides?

Lott: That's what it, yes.

Michaels: And you signed this Note?

Lott: Yes I did.

Michaels: And you agreed to the terms?

Lott: Yes I did.

Michaels: Okay. Now let's look at paragraph 6. Would you agree with me that this Note provides that you as the borrower, promise to pay for all expenses incurred, including attorney's fees, in connection with the collection of any outstanding indebtedness due under the Note or to enforce any provision thereunder?

Lott: Yes.

Michaels: And you signed the Note?

Lott: Yes I did.

. . . .

Michaels: You would agree with me that you owe the cost of collection including attorney's fees in connection with the Note?

Lott: That's what it says, yes.

(*Id*. at 88-90).

On the final day of the hearing, Counsel for Lott argued that the attorney fees Morgan Stanley could recover should be limited to the enforcement of the agreement only, and not allowed for Lott's counterclaims. (Ex. 10 to Defs.' Br. at 42-43).

Morgan Stanley again sought the attorney fees it had incurred in the combined arbitration proceeding, as a cost of collection of the Promissory Note. (Ex. 10 to Defs.' Resp. Br. at 59). Morgan Stanley's counsel asked for $351,000.00 in attorney fees, and stated, "I know that's a lot of money but that was incurred as a result of Mr. Lott's intransige[ce]." (*Id*. at 62). He asserted that Lott's so-called "counterclaims" were nothing more than defenses to Morgan Stanley's collection matter. (*Id*. at 62-63).

Morgan Stanley's counsel also presented the Panel with a statement of its attorney's fees. (*Id*. at 88). Counsel for Lott stated that he had not seen that final statement and the Panel instructed Morgan Stanley's Counsel to show it to Lott's Counsel. Lott's Counsel then made an objection, that the statement was "irrelevant" because it is not broken up between the claim and counterclaims. Counsel did not object to the requested attorney fees on any other basis.

The statement of attorney fees and costs submitted by Morgan Stanley to the Panel, which was signed by counsel, is attached as Exhibit 6 to Defendants' Response Brief.

The Panel accepted the statement of attorney's fees submitted by Morgan Stanley,

stating: "We will accept this as an exhibit. There was argument on it and so the way that that has been argued, so we'll accept it for what it's worth." (*Id*. at 89). Lott's counsel then asked if he could submit a packet of cases that he had discussed and the Panel allowed that too. (*Id*.). Before concluding the hearing, the following exchange occurred:

| | |
|---|---|
| Arbitrator No. 1: | Mr. Kowalski, anything else for the record or verbally for the record? |
| Mr. Kowalski: | Nothing.  Thank you. |
| Arbitrator No. 1: | Okay.  All right.  The decision that the arbitrators reach on this case will be forwarded by FINRA to the parties in order to expedite the delivery of the panel's decision to the parties. . . .With that, the record will remain open in this case until the party – the panel does arrive at a decision or the panel determines that it is closed . . . |

(*Id*. at 90-91). Although the record remained open until the Panel arrived at a decision, the materials submitted by the parties reflect that neither side requested anything further from the Panel in connection with the arbitration and neither side asked the Panel to consider anything further.

On November 10, 2015, the Panel issued an Award in favor of Morgan Stanley and against Lott. The Award began by stating that "[a]fter considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination" that Lott is liable for and shall pay to Morgan Stanley:

1) $534,326.12 in compensatory damages, which reflects the outstanding principal balance

of the Promissory Note at the time Lott resigned from Morgan Stanley; 2) interest in the amount of $204,469.10, pursuant to the terms of the Promissory Note; 3) attorney fees in the amount of $351,362.03, pursuant to the terms of the Promissory Note; and 4) costs in the amount of $44,062.03. (Pl. and Defs.'s Stmts. B at ¶ 10; Arbitration Award at 4). The Panel also denied Lott's Counterclaim in its entirety, his request for attorney fees, punitive damages and expungement. (Pl. and Defs.'s Stmts. B at ¶ 11; Arbitration Award at 4).

On November 24, 2015, Lott filed a complaint in Oakland County Circuit Court, seeking to vacate or modify the Arbitration Award. (Ex. 7 to Defs.' Stmt. B). Morgan Stanley removed the action to this Court. Thereafter, the parties filed cross-motions for summary judgment.

Lott's Motion for Summary Judgment does not seek vacatur, modification or correction of any portion of the Award except the portion of the Award related to attorney fees and costs. (Pl. and Defs.'s Stmts. B at ¶ 18). On December 4, 2015, and again on February 20, 2016, Morgan Stanley submitted written demands to Lott that he pay the uncontested portion of the Arbitration Award but Lott has refused to do so. (Pl. and Defs.'s Stmts. B at ¶ 19).

## ANALYSIS

In their briefs, both sides appeared unsure as to whether this Court should apply Michigan law (MCR 3.602 and related Michigan case law) or federal law (the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and federal case law) as their briefs referenced both,

without analyzing the issue.

As a result, prior to the hearing, the Court issued a show cause order wherein the Court stated that "[b]ased upon this Court's initial review of the pending motions, it appears that the federal standard should be applied in this case. *See, e.g., Muskegon Ctrl. Dispatch v. Tiburon, Inc.*, 462 F. A'ppx 517, 522-23 (6th Cir. 2012) (discussing issue and noting that any ambiguities are resolved in favor of the federal standard). Nevertheless, the Court shall give the parties the opportunity to brief the issue if they believe otherwise." (Docket Entry No. 26). The Court ordered the parties show cause, in writing, no later than May 2016, "why the Court should not apply the federal standard to the pending motions."

Neither party filed anything in response to the Show Cause Order. Thus, they concede that the federal standard should be applied to the pending motions. It is as follows:

> "The Federal Arbitration Act ('FAA') expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005). " 'When courts are called on to review an arbitrator's decision, the review is very narrow; [it is] one of the narrowest standards of judicial review in all of American jurisprudence.' " *Id*. (quoting *Lattimer-Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir. 1990)).

*Coffee Beanery, Ltd. v. WW, LLC*, 300 F. A'ppx 415, 418 (6th Cir. 2008). Section 10 of the FAA sets forth the statutory grounds to vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or

11

either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; and

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award from the subject matter submitted was not made.

9 U.S.C. § 10(a).

Within the Sixth Circuit, a district court's "ability to vacate an arbitration award is almost exclusively limited to [the above] grounds, although it may also vacate an award found to be in manifest disregard of the law." *Id*.

To constitute manifest disregard for the law, a "'mere error in the interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent.'" *Id*. (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 420 (6th Cir. 1995)). Arbitrators are considered to act with manifest disregard only if "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Id*.

The FAA makes clear that confirmation or vacatur is to be a summary proceeding and that the court must confirm the award where it is not vacated, modified or corrected. 9 U.S.C. § 9.

Here, Lott does not assert that the award was procured by corruption, fraud, or undue means, or that there was any evident partiality or corruption in the arbitrators.

Rather, Lott asks this Court to vacate the portion of the award pertaining to attorney fees and costs based upon subsections (3) and (4) above and based upon "manifest disregard for the law."

## A. Misconduct In Refusing To Hear Evidence Pertinent And Material To The Controversy

Lott claims that the Panel allowed Morgan Stanley to engage in "trial by ambush and surprise" as to the attorney fees and costs by "denying Lott any opportunity whatsoever to respond and defend against" Morgan Stanley's requested attorney fees and costs. (Pl.'s Br., Docket Entry No. 13, at 11).[1] Lott argues that the Panel improperly accepted Morgan Stanley's Summary Statement over Lott's objections. (Pl.'s Br., Docket Entry No. 13, at 10). Lott claims that despite his "immediate objections," the Panel simply rubber-stamped Morgan Stanley's request for attorney fees and costs. (*Id.* at 11).

Lott further claims that the Panel "precluded [him] from having any opportunity to review, investigate or contest any aspect of the Summary Statement." (*Id.* at 10). He characterizes this as a "refusal to hear evidence."

The Court rejects these arguments. There was no trial by ambush. From the outset, Lott was well aware that Morgan Stanley was seeking an award of all costs and attorney fees it incurred in connection with the combined arbitration proceeding.

After Morgan Stanley submitted its requested attorney fees, the only objection that

---

[1]Lott also makes scattered arguments about the order that proofs were made, but Lott himself concedes that under the applicable rules the Panel has the discretion to vary the order in which the hearing is conducted.

Lott made after reviewing the claimed fees and costs was his objection that the statement was "irrelevant" because it was not broken up between the claim and the counterclaims. Notably, Lott did not object to the requested fees on any other basis, nor did he request additional time to review the claimed fees. Lott could have objected to the claimed fees as unreasonable or insufficiently supported but he simply failed to do so – either during or after[2] the hearing.

Lott has not identified any evidence, or any argument or legal authority, that he sought to present to the Panel but was precluded from presenting. Thus, his argument that the Panel refused to hear evidence fails.

**B.    Arbitrators Exceeded Their Powers**

Lott also argues that the Panel exceeded its authority by awarding attorney fees and costs incurred in defending against Lott's affirmative claims.

Courts may vacate an arbitration award where the arbitrators exceeded their powers. 9 U.S.C. § 10(a)(4). But, as the Sixth Circuit has explained, the burden of proving that the arbitrators exceeded their authority is "very great." *Solvay Pharmaceuticals, Inc. v. Duramed Pharmaceuticals, Inc*., 442 F.3d 471, 475 (6th Cir. 2006).

Where, as here, an arbitrator is accused of misconstruing or misapplying the

---

[2]Although the record remained open until the Panel arrived at a decision, the materials submitted by the parties reflect that neither side requested anything further from the Panel in connection with the arbitration after the hearing concluded and neither side asked the Panel to consider anything further.

contract, "courts must accord an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed." *Solvay Pharmaceuticals, Inc. v. Duramed Pharmaceuticals, Inc*., 442 F.3d 471, 475 (6th Cir. 2006) (quoting *Beacon Journal Pub. Co. v. Akron Newspaper Guild, Local No. 7*, 114 F.3d 596, 599 (6th Cir. 1997)).

"The terms of the contract define the powers of the arbitrator and 'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" *Solvay,* 442 F.3d at 476 (quoting *United Paperworkers Int'l Union v. Misco, Inc*., 484 U.S. 29, 38 (1987)). This means that:

> "[C]ourts must refrain from reversing an arbitrator simply because the court disagrees with the result or believes the arbitrator made a serious legal or factual error." *Id.* (emphasis added). And "[i]f a court can find any line of argument that is legally plausible and supports the award then it must be confirmed." *Merrill Lynch, Pierce, Fenner & Smith v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995).

*Solvay*, 442 F.3d at 476.

Here, the Court can certainly find an argument that is legally plausible and supports the arbitration award. The Promissory Note contains an express provision that Lott must pay for "all expenses" that Morgan Stanley incurs, including attorney's fees, in connection with the collection of any outstanding indebtedness due under the note. (Promissory Note at ¶ 8). The arbitrators rejected Lott's argument that the provision does not allow Morgan Stanley to recover the attorney fees it incurred in defending against

Lott's counterclaims. The arbitrators reasonably concluded that the provision allows Morgan Stanley to recover all attorney fees it incurred in the combined arbitration proceeding because both Morgan Stanley's claim and Lott's counterclaims required Morgan Stanley to incur fees and costs in order for Morgan Stanley to collect the outstanding balance owed under the Promissory Note.

**C.     Manifest Disregard For The Law**

Finally, Lott argues that the arbitration award should be vacated based on manifest disregard for the law. Lott argues that the Panel disregarded the law by awarding attorney fees and costs without legally required evidence regarding reasonableness.

The Sixth Circuit has "emphasized that manifest disregard of the law is a very narrow standard of review. *Anaconda Co. v. District Lodge No. 27*, 693 F.2d 35 (6th Cir. 1982). A mere error in interpretation or application of the law is insufficient. *Anaconda*, 693 F.2d at 37–38. Rather, the decision must fly in the face of clearly established legal precedent." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d at 421.

Moreover, where, "as here, the arbitrators decline to explain their resolution of certain questions of law, a party seeking to have the award set aside faces a tremendous obstacle. If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside." *Id*. (citations omitted).

During the arbitration, Morgan Stanley submitted a signed statement of its attorney

fees and costs that were incurred during the combined arbitration proceeding. Lott objected to the requested fees on the ground that fees incurred in connection with defending against his counterclaims were included in the requested fees. Notably, Lott *did not* object to the requested as fees as being unreasonable for the work performed. Moreover, as Morgan Stanley notes, the three experienced FINRA arbitrators who issued the award "lived with the case for over three years" and were therefore in a position to judge the reasonableness of the fees and costs requested.

Under these circumstances, Lott has not shown that the arbitrators acted with manifest disregard for the law in awarding Morgan Stanley its requested attorney fees and costs.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Lott's Motion to Vacate Arbitration Award is **DENIED.**

**IT IS FURTHER ORDERED** that Morgan Stanley's motion asking the Court to confirm the arbitration award is **GRANTED** and this Court hereby **CONFIRMS** the arbitration award in all respects.

The Court further **ORDERS** the parties to promptly meet and confer in order to determine if they can agree upon the Judgment that should be issued, given this Court's rulings. If the parties are unable to agree upon the form of the Judgment that should be

issued, the parties shall appear for a Conference on **August 16, 2016 at 3:00 p.m.**

    **IT IS SO ORDERED.**

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated:  July 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 28, 2016, by electronic and/or ordinary mail.

                                                s/Teresa McGovern
                                                Case Manager Generalist